(161 App. Div. 518)

MEIXEL v. MEIXEL et al.

(Supreme Court, Appellate Division, First Department.　March 20, 1914.)

1. DOWER (§ 38*)—RELEASE—POWER OF HUSBAND.

A wife cannot be deprived of her right of dower in the lands whereof her husband was seised of an estate of inheritance at any time during the marriage, given her by Real Property Law (Consol. Laws, c. 50) § 190, without her consent.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 89, 94, 95, 132; Dec. Dig. § 38.*]

2. DOWER (§ 38*)—RELEASE—POWER OF HUSBAND.

A wife's right of dower was not affected by the husband's oral agreement, several years after the land was purchased, that a third person would be given a mortgage for the amount of advances for taxes, water charges, etc.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 89, 94, 95, 132; Dec. Dig. § 38.*]

3. MORTGAGES (§ 28*)—EQUITABLE MORTGAGE—AGREEMENT TO GIVE MORTGAGE.

A lien cannot be created on land by an oral agreement to give a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 44, 56–58, 153; Dec. Dig. § 28.*]

4. CONTRACTS (§ 9*)—CERTAINTY—AGREEMENT TO GIVE MORTGAGE.

An agreement to give a "proper and sufficient mortgage" on land to secure a person for advances made by her for taxes, water charges, etc., was too indefinite to be enforced, as the terms and conditions of the mortgage were not stated.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 10–20; Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by Walburga C. Meixel against Elizabeth Meixel and others. From a judgment in favor of the defendant named entered on a decision after a trial at Special Term, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander Thain, of New York City, for appellant.

Isaac Dobroczynski, of New York City, for respondent.

McLAUGHLIN, J.　This appeal is from a judgment which adjudges that the plaintiff's dower rights in the premises described in the amended complaint, and her interest as mother and one of the heirs at law of Charles L. Meixel, deceased, are subordinate to an equitable mortgage of Elizabeth Meixel, the respondent.　On March 25, 1894, plaintiff married Anton Meixel, who died on the 27th of August, 1911, leaving him surviving the plaintiff and two infant children, Elizabeth W. and Charles L. (now deceased) as his only heirs at law and next of kin.　The premises described in the amended complaint were conveyed on the 3d of January, 1899, to Anton Meixel and his mother, Elizabeth Meixel.　On the 24th of July, 1902, the respondent conveyed to Charles A. Meixel, a brother of Anton, her interest in the premises.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In June, 1904; Anton and Charles A. executed and delivered to the defendant Petrie a mortgage, in which plaintiff joined, for $7,000. The court found, as a fact, that on or about the time the respondent conveyed her interest to Charles A., he and Anton agreed that, in consideration of her paying the taxes, water charges, insurance premiums and other necessary expenses attendant upon keeping up the property, they would pay her, when the same was sold, what money she had theretofore or might thereafter advance, and to secure such payment "would acknowledge and deliver to the said Mrs. Elizabeth Meixel, a proper and sufficient mortgage" upon the property; that in pursuance of the agreement she advanced, over and above the rents received, $8,-662.92; and, as conclusions of law, that she had a lien upon the premises for this amount which was superior to the plaintiff's right of dower or her interest as the mother and one of the heirs at law of her son Charles L. Judgment was entered to this effect, from which the appeal is taken.

[1] The judgment, in so far as it affects the plaintiff, is erroneous. (No question is raised as to the Petrie mortgage being a first lien upon the premises.) The statute gives to a widow a "third part of all the lands whereof her husband was seised of an estate of inheritance, at any time during the marriage" (section 190, Real Property Law), and of this she cannot be deprived without her consent.

[2-4] The plaintiff's husband acquired a half interest in the property in 1899. The agreement was not made until something like three years thereafter, and she was not a party to it. Obviously, under such circumstances, it had no effect upon her dower rights. Indeed, had a mortgage been given at that time, and she had not joined in it, the same result would have followed. Nor did this oral agreement have any effect upon the interest which the son Charles L. took as heir at law of his father, and which passed to the mother, the plaintiff, upon the son's death. A lien upon land cannot be created by an oral agreement to give a mortgage, and, if it could, the agreement as found by the court is so indefinite that it could not be enforced. It was to give "a proper and sufficient mortgage." What its terms and conditions were to be were not stated. For this reason specific performance of the agreement could not be decreed.

The judgment, in so far as it adjudges that there was an equitable mortgage, and that the plaintiff's right of dower and her interest as mother and one of the heirs at law of Charles L. Meixel are subordinate to the claim of the respondent, is reversed, as are the findings of fact to that effect and conclusions of law based thereon, and judgment directed, subject to the Petrie mortgage, in favor of the plaintiff for the relief prayed for in the amended complaint. All concur.